

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2005

# Horton v. Martin

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4684

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Horton v. Martin" (2005). *2005 Decisions.* Paper 1007.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1007

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-248                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4684
_____

JOHN D. HORTON,

Appellant

v.

JAMES ANTHONY MARTIN; Federal Public
Defender; MATTHEW COAKLEY, Special
Assistant U.S. Attorney, Judge Advocate
General; HON. WILLIAM WEBB, United
States Magistrate, U.S. District Court
for the Eastern District of North
Carolina; ANNE HAYES, Assistant United
States Attorney; HON. MALCOLM J. HOWARD,
United States District Court Judge, U.S.
District Court for the Eastern District
of North Carolina; GEOFREY HOSFORD,
Federal Public Defender

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-06194)
District Judge: Honorable Robert B. Kugler
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2005

Before: SLOVITER, NYGAARD AND FUENTES, CIRCUIT JUDGES

(Filed June 15, 2005 )

## OPINION

PER CURIAM

John D. Horton appeals from the District Court's order dismissing his complaint for lack of personal jurisdiction. For the following reasons, we shall affirm.

Horton was found guilty, in the United States District Court for the Eastern District of North Carolina, of destruction of government property and resisting, delaying or obstructing a police officer. In August 2003, the United States Court of Appeals for the Fourth Circuit vacated the conviction and remanded the case for further proceedings. A few months later, Horton filed a complaint in the United States District Court for the District of New Jersey, naming Federal Public Defender James Anthony Martin, Special Assistant U.S. Attorney Matthew Coakley, Honorable William Webb, Assistant United States Attorney Anne Hayes, Honorable Malcolm J. Howard (collectively "the Federal Defendants"), and Horton's former attorney, Geoffrey Hosford. Horton claimed that all of the Defendants engaged in a conspiracy to deprive him of his civil rights; that Defendants Martin and Hosford provided ineffective assistance of counsel for his defense; and that Defendants Coakley and Hayes engaged in false prosecution, abuse of criminal process and legal malpractice.

Defendants Coakely and Hosford filed motions to dismiss for lack of personal jurisdiction. Horton did not file a response; instead, he filed a motion seeking entry of

default judgment against the Federal Defendants because they failed to file an answer to his complaint. The Federal Defendants filed an opposition to Horton's motion and stated that they were not properly served. Additionally, Martin, Webb, Hayes and Howard joined in Coakley's pending motion to dismiss. The District Court granted the motions to dismiss and dismissed the complaint as to all Defendants. Horton filed a timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal for lack of personal jurisdiction is *de novo*, Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002), but we review factual findings for clear error. Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*,* 149 F.3d 197, 200 (3d Cir. 1998). New Jersey's long arm statute confers jurisdiction over nonresidents to the extent allowed under the United States Constitution. N.J. CT. R. 4:4-4; see Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992). A court may exercise jurisdiction over a defendant if the defendant has specific or general contacts with the forum. Once a defendant raises the defense of lack of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction. Carteret, 954 F.2d at 146.

We agree with the District Court that Horton did not present any facts that demonstrate "continuous and substantial contacts" between the Defendants and New Jersey. The District Court correctly concluded that Horton also failed to present evidence to establish specific jurisdiction. The incident that provided the basis for Horton's

3

complaint occurred in North Carolina. All of the Defendants are residents of North Carolina, and all relevant court proceedings occurred in North Carolina.

As the appeal presents no substantial question, we will summarily affirm the District Court's order.